UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MONTI J. CASTANEDA,                                            ECF CASE
                                                              Case No. : 1:08-cv-4491 (BSJ)
                              Plaintiff,


          - against -                                         **<u>VERIFIED COMPLAINT</u>**

                                                              JURY TRIAL DEMANDED

INSTITUTE OF INTERNATIONAL EDUCATION, INC.,
JOAN WALL, and MARY KIRK

                              Defendants,
------------------------------------------------------------------------X

          Plaintiff, MONTI J. CASTANEDA, by and through her attorney, MEJIA LAW FIRM

LLC, alleges as follows for her Complaint:

1.     This action is brought to remedy violations grounded in discrimination in the terms,

       conditions and privileges of employment on the basis of racial discrimination under Title

       VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. as amended (see, without

       limitation, the Civil Rights Act of 1991) and to remedy violations of state common law

       based upon the pendent jurisdiction of this Court pursuant to <u>United Mineworkers v.</u>

       <u>Gibb</u>, 38 U.S. 715 (1966), and 28 U.S.C. §1367.

2.     Jurisdiction of the state law claims is founded upon the pendent and/or supplemental

       jurisdiction of the Court pursuant to <u>Gibb</u>, 38 U.S. 715 (1966), and 28 U.S.C. §1367.); to

       remedy violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. as

       amended (see, without limitation, the Civil Rights Act of 1991), and the New York State

       Human Rights Law, New York Executive Law Section 290 et seq. (McKinney 1994),

New York Executive Order No. 19 (May 31, 1983), and under the Local Laws of the City of New York, including without limitation Administrative Code Sections 8-107(A) and 8-50, and to remedy damages caused by intentional infliction of emotional distress caused by the actions of the Defendants pursuant to, *inter alia*, state common law.

3.    Injunctive and declaratory relief, compensatory and punitive damages, costs and attorney's fees, liquidated damages and other appropriate legal and equitable relief are sought pursuant to New York State Human Rights Law, New York State Executive Law §290 et seq., New York Executive Order No. 19 (May 31, 1983), and pursuant to the Local Laws of the City of New York Administrative Code Sections 8-107(A) and 8-502.

## JURISDICTION AND VENUE

4.    Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as by 28 U.S.C. §§ 1331, 1343. Jurisdiction is also appropriate under New York law, i.e., State Executive Law §290 et seq., New York Executive Order No. 19 (May 31, 1983), and other New York State and New York City laws, including, without limitation, Common Law.

5.    The cause of action herein alleged arose in the County of New York in the City and State of New York.

6.    Venue of this action lies in the Southern District of New York pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1391, which provides that the action may be brought where the alleged violation occurred, or where the plaintiff and/or defendant resides or may be located. The action arose in the Southern District of New York.

7.      Prior hereto, Plaintiff, MONTI J. CASTANEDA, filed a charge with the United States

Equal Employment Opportunity Commission (hereinafter "EEOC"), under EEOC Charge

No. 520-2006-02565.  Based upon the information provided to the EEOC by MONTI J.

CASTANEDA during the investigation, the EEOC could not conclude that the

defendant's actions violated Federal Law

8.      On February 8, 2008, a notice of Right to Sue letter, issued by the Equal Opportunity

Commission with regard to EEOC Charge No. 520-2006-02565, was mailed to MONTI

J. CASTANEDA.  The notice of Right to Sue Within 90 Days was received by the

MONTI J. CASTANEDA on or about February 14, 2008.  A copy of this letter is

attached hereto as Exhibit "1" and made a part hereof.

## PARTIES

9.      Plaintiff, MONTI J. CASTANEDA, is a female, Hispanic and a resident of 34-59 89

Street, Jackson Heights, New York 11372.

10.     At all times hereinafter mentioned, upon information and belief, Defendant INSTITUTE

OF INTERNATIONAL EDUCATION, INC. (hereinafter referred to as "IIE"), is an

independent 501(c)(3) nonprofit headquartered in New York City.  IIE is located at 809

United Nations Plaza, New York, NY 10017-3580.  IIE is an ""employer'' as defined in

42 U.S.C. §2000e(b) that employees more than 15 people and is engaged in an industry

affecting commerce.

11.     At all times hereinafter mentioned, upon information and belief, Defendant JOAN

WALL (hereinafter referred to as "WALL") was at all relevant times to this complaint,

3

the Deputy Vice President, Human Resources of IIE and is sued herein in her individual and official capacity.

12.    At all times hereinafter mentioned, upon information and belief, Defendant MARY KIRK (hereinafter referred to as "KIRK") was at all relevant times to this complaint, the Vice President for Student Exchanges for IIE and is sued herein in her individual and official capacity.

## DISCRIMINATION

13.    The discriminatory conduct of which Plaintiff complains in this action includes, inter alia: race/color discrimination and retaliation.  Plaintiff CASTANEDA was and is of the Hispanic race and/or color and falls within the class of people covered by Title VII under discrimination grounded in race and/or color.

## BACKGROUND

14.    Defendant IIE maintains a pattern and practice of denying Hispanics equal employment opportunities including failure to hire, promote, and train Hispanics as they do similarly situated Caucasians.  Indicative of these practices is the fact that at the time plaintiff filed her EEOC complaint there were only eleven (11) Hispanic employees out of approximately 125 employees in IIE's New York office.  Of these, five (5) were in clerical or support staff and four (4) were junior program officers. Only one (1) was a senior program officer and one other was a senior program officer/assistant manager.

15.    Plaintiff, CASTANEDA, was employed by Defendant IIE for nineteen years, from February 17, 1986, through August 4, 2006.  CASTANEDA began her employment with

IIE as a Program Specialist and was promoted to Operations Coordinator in October 1989, then to Assistant Manager for Latin America in September 1991. She became the Manager for Program Policy and Program Development in September 1998, and in November 2005, was assigned the position of Director for Budgets and Operations.

16. During CASTANEDA's nineteen years of employment with IIE, she consistently received praise for her work regardless of the supervisor or manager, and received uniformly positive performance evaluations. But nonetheless was not promoted to a Director position until 2005. On information and belief, similarly situated Caucasians were promoted earlier.

17. All positions CASTANEDA held post 1998 were given after she was already performing the duties and it was evident that IIE must promote her. Unlike her Caucasian colleagues who were given consideration for opportunities and promotions without having experience or needing to prove themselves.

18. Since 1998 CASTANEDA, Caucasian employees with similar or lesser qualifications to hers have received regular and frequent promotions to higher positions, titles and salaries.

19. While IIE has regularly paid lip service to CASTANEDA's abilities and competence, when more concrete signs of appreciation were in order (such as raises, promotions or desirable assignments), she was consistently overlooked, or assigned to posts or duties which assured that she would remain type cast to a back-office role.

20. CASTANEDA was the only Assistant Director that was not provided with a closed office for over 4 years, contrary to the IIE's policy made effective in 1999.

21. CASTANEDA was denied training and mentoring opportunities given to her Caucasian colleagues. IIE systematically denied CASTANEDA opportunities to gain experience in

proposal writing and related areas, and did so over a period of years, by withholding

information, as well as invitations, to widely-attended meetings of senior staff focused on

precisely this subject. For example, CASTANEDA was not invited to a Princeton retreat

in 2003 that had as its focus "proposal writing," while virtually every other member of

her department at her level, and even several below her, were invited. The Princeton

event was all the more important since Defendant KIRK had previously advised

CASTANEDA that she had not been promoted to director in 2002, along with her

Caucasian peers, because she lacked the experience contributing to the Fulbright proposal

process. That CASTANEDA was not invited to attend showed a systematic effort in

keeping her from opportunities that would further enhance her growth potential within

the organization.

22.    After CASTANEDA requested training and mentoring opportunities, she faced an

increasingly hostile work environment from her supervisors and co-workers at IIE. For

example, CASTANEDA's immediate supervisor, Defendant KIRK began

communicating with CASTANEDA as little as possible. KIRK also began delegating

assignments to CASTANEDA that often required the attention of multiple people.

However, KIRK would not provide assistants or help to CASTANEDA to complete said

tasks.

23.    While CASTANEDA served as assistant director of Foreign Fulbright Programs, she also

successfully took on substantial additional responsibilities, including: (a) supervision of

IIE's Northeast Student Services for ten (10) months after that unit's assistant director

was removed; (b) first assisting MARY KIRK in building the IFP program, under

contract from the Ford Foundation, and then serving as director thereof until a newly-

hired director, who had been discharged for being ineffective, was replaced; and (c) sitting in on countless financial and planning meetings for KIRK before KIRK's promotion to vice-president.

24.    In September of 2005, despite having served as acting director of Foreign Fulbright Programs for almost a full year, IIE still found her to not be "qualified" to serve as the Foreign Fulbright Program's permanent director.  When CASTANEDA asked MARY KIRK why she (CASTANEDA) was not going to be appointed director, KIRK said, "The executives do not feel you are the right person to represent the program."  CASTANEDA then asked KIRK three (3) times to explain that statement, but KIRK would not respond.

25.    IIE refused to promote CASTANEDA in furtherance of its discriminatory and historically demonstrated purpose of preventing and precluding minorities from progressing to high-level positions and senior management at IIE.

26.    Upon information and belief, no other similarly-situated Caucasian employees at IIE were and/or are subjected to the same disparate treatment as mentioned above in paragraphs 16 through 25.

27.    IIE has refused to afford CASTANEDA the proper recognition, promotions and/or salary commensurate with her performance. On information and belief, CASTANEDA was paid a lower wage than similarly situated Caucasian employees.

28.    Once CASTANEDA began openly questioning the Foreign Fulbright Programs Director selection process and other various racial diversity issues at IIE, IIE, its employees and staff became increasingly hostile towards CASTANEDA and began a retaliation campaign against her, which eventually led to CASTANEDA's constructive termination.

29.    Instead of offering CASTANEDA the Foreign Fulbright Programs Director position that she deserved, IIE created a new position of Director for Budgets and Operations. Feeling type-cast, CASTANEDA initially declined the offer because IIE sought to place her in a position that she knew would be futile and would compromise her honest attempt to combat discrimination.

30.    CASTANEDA was only promoted to Director for Budgets and Operations to appease her for not giving her the Director of Foreign Fulbright position she was applying for and having served as acting Director for 10 months. The new positions was only a title change from her prior position as the Assistant Director for Budgets and Operations, as it did not change the substance of her work

31.    On May 18, 2006 the attorney, CASTANEDA hired, wrote to Dr. Allan Goodman, the President and CEO of IIE, raising her concerns and complaints.

32.    Upon receiving counsel's letter, defendants engaged in a process which was calculated to further harass and intimidate CASTANEDA, and which, in fact has had a devastating impact on her. In the guise of conducting an investigation, on May 19. 2006, Defendant WALL ordered CASTANEDA into a meeting where she proceeded to berate her about her claims until CASTANEDA broke down crying. Indeed, WALL first threatened CASTANEDA's continued employment by demanding that she participate in the meeting because, as WALL stated, "you're still our employee" and "under our jurisdiction."

33.    Instead of trying to find solutions to the problems and racial issues that were being raised by CASTANEDA, IIE attempted to ignore the existence of racial and diversity problems at IIE. Rather, IIE treated CASTANEDA, as if she were the problem simply because CASTANEDA voiced her concerns.

34.    Instead of trying to find solutions to the problems and racial issues that were being raised by CASTANEDA, IIE attempted to ignore the existence of racial and diversity problems at IIE.  Rather, IIE treated CASTANEDA, as if she were the problem and mounted a harassment campaign against CASTANEDA in retaliation for her refusal to stay quiet.

35.    Defendants did not undertake a confidential investigation.  Instead, within a few weeks many of CASTANEDA's co-workers knew about her grievance.  Indeed, on August 20, 2006 Betsy Glans made an incredibly bigoted remark, asking if Castaneda was leaving IIE because she was "illegal", and was being "deported."  Notwithstanding this more-than-sufficient basis for firing Glans, however, IIE did nothing more than send her to "sensitivity training" classes.

36.    Based upon IIE's adversarial response to CASTANEDA's complaint and its fostering an already hostile work environment, CASTANEDA was forced to enter her resignation in order to preserve her dignity, self respect, and mental health.

37.    Defendants' constant and/or continuous pattern and/or practice of discriminatory conduct and abuse against CASTANEDA caused her to suffer from anxiety disorder and panic attacks.

38.    Defendants' constant and/or continuous pattern and/or practice of discriminatory conduct and abuse against CASTANEDA exacerbated her anxiety disorder and panic attacks.

39.    CASTANEDA was caused and/or forced to seek professional medical assistance and psychological help and treatment due to work-related stress cause by Defendants.

40.    At all times relevant to the Complaint, Defendants knew or should have known that their actions were causing CASTANEDA's mental, emotional, and physical state to deteriorate.

41.   The conduct complained of above was intentional.

42.   The conduct complained of above created a hostile work environment.

43.   As a consequence of the discriminatory practices, CASTANEDA was denied equal opportunities for promotion, retaliated against after complaining of these discriminatory practices and in other ways discriminated against.

44.   As a direct and proximate result of Defendant's discriminatory treatment, harassment, retaliation, and other unlawful conduct, CASTANEDA has suffered monetary and/or economic damages, including but not limited to the loss of past income, compensation, and other benefits.

45.   As a direct and proximate result of Defendant's discriminatory treatment, harassment, retaliation, and other unlawful conduct, CASTANEDA has suffered and continues to suffer, loss of career fulfillment, and harm to her career as well as professional and personal reputation.

46.   As a direct and proximate result of Defendant's discriminatory treatment, harassment, retaliation, and other unlawful conduct, CASTANEDA has suffered and continues to suffer, severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress, anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering.

47.   Defendant's discriminatory treatment, harassment, retaliation, and other unlawful conduct was intentional, malicious, and/or showed a deliberate, willful, wanton, and reckless disregard for CASTANEDA and her civil rights under the Executive Law and City Law.

## STATEMENT OF CLAIMS

## FIRST CAUSE OF ACTION
### (Racial Discrimination – Title VII)

48.     The Plaintiff CASTANEDA repeats and re-alleges each and every allegation contained in

        paragraphs 1 through 47 of this Complaint inclusive with the same force and effect as if

        more fully set forth herein.

49.     Defendant IIE has discriminated against Plaintiff CASTANEDA in compensation and in

        the terms, conditions, and privileges of her employment on the basis of race and/or color

        in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., as

        amended.  Plaintiff was denied equal opportunity in employment because of her race

        and/or color and was denied employment promotion on the basis of her race and/or color.

50.     Plaintiff CASTANEDA is now suffering and will continue to suffer irreparable injury

        and monetary damages as a result of Defendant IIE's discriminatory practices unless and

        until the Court grants relief.

## SECOND CAUSE OF ACTION
### (Racial Discrimination And Harassment In Violation Of NYS Law)

51.     The Plaintiff CASTANEDA repeats and re-alleges each and every allegation contained in

        paragraphs 1 through 50 of this Complaint inclusive with the same force and effect as if

        more fully set forth herein.

52.     Defendants IIE, KIRK and WALL have discriminated against Plaintiff CASTANEDA in

        the terms, conditions, and privileges of her employment on the basis of race and/or color

        in violation, inter alia, of the New York State Human Rights Law, 18 N.Y. Exec. Law

        §290 et seq.

53. Defendants IIE, KIRK and WALL have discriminated against Plaintiff CASTANEDA on the basis of her race and/or color, in violation of the New York State Human Rights Law, by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment.

54. Plaintiff CASTANEDA is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory practices unless and until the Court grants relief.

## THIRD CAUSE OF ACTION
### (Racial Discrimination And Harassment In Violation Of NYC Law)

55. The Plaintiff CASTANEDA repeats and re-alleges each and every allegation contained in paragraphs 1 through 54 of this Complaint inclusive with the same force and effect as if more fully set forth herein.

56. Defendants IIE, KIRK and WALL have discriminated against Plaintiff CASTANEDA in the terms, conditions, and privileges of her employment on the basis of race and/or color in violation, inter alia, of the New York City Administrative Code §8-502 and the New York City Human Rights Law.

57. Defendants IIE, KIRK and WALL have discriminated against Plaintiff CASTANEDA on the basis of her race and/or color, in violation of the New York City Human Rights Law, by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment.

58. Plaintiff CASTANEDA is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory practices unless and until the Court grants relief.

## FOURTH CAUSE OF ACTION

### (Violation Of The Equal Pay Act)

59.    The Plaintiff CASTANEDA repeats and re-alleges each and every allegation contained in paragraphs 1 through 58 of this Complaint inclusive with the same force and effect as if more fully set forth herein.

60.    Defendant IIE has discriminated against Plaintiff CASTANEDA by failing to provide compensation equal to that given to Caucasians who perform substantially equal work, in violation of the Equal pay Act, 29 U.S.C. §206(d).

61.    Plaintiff CASTANEDA is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant IIE's discriminatory practices unless and until the Court grants relief.

## FIFTH CAUSE OF ACTION

### (Retaliation – Title VII)

62.    The Plaintiff CASTANEDA repeats and re-alleges each and every allegation contained in paragraphs 1 through 61 of this Complaint inclusive with the same force and effect as if more fully set forth herein.

63.    Defendant IIE has retaliated against Plaintiff CASTANEDA on the basis of race and/or color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. as amended.  Plaintiff was denied selection, hiring and equal conditions of employment and was retaliated against on the basis of her having complained of discrimination.

64.    Plaintiff CASTANEDA is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant IIE's discriminatory practices unless and until the Court grants relief.

## SIXTH CAUSE OF ACTION

### (Retaliation – NYS Human Rights Law)

65.    The Plaintiff CASTANEDA repeats and re-alleges each and every allegation contained in
       paragraphs 1 through 64 of this Complaint inclusive with the same force and effect as if
       more fully set forth herein.

66.    Defendants IIE and WALL have retaliated against Plaintiff CASTANEDA in violation of
       the New York State Human Rights Law, 18 N.Y. Exec. Law §290 et seq., and the New
       York State Executive Law §290 et seq..  Plaintiff was denied selection, hiring, equal
       conditions of employment, and opportunities for employment, on the basis of her having
       opposed and complained of discrimination, and she was retaliated against and denied
       promotion by Defendants.

67.    Plaintiff CASTANEDA is now suffering and will continue to suffer irreparable injury
       and monetary damages as a result of Defendants' retaliation unless and until the Court
       grants relief.

## SEVENTH CAUSE OF ACTION

### (Retaliation – NYC Administrative Code)

68.    The Plaintiff CASTANEDA repeats and re-alleges each and every allegation contained in
       paragraphs 1 through 67 of this Complaint inclusive with the same force and effect as if
       more fully set forth herein.

69.    Defendants IIE and WALL have retaliated against Plaintiff CASTANEDA in violation of
       the New York City Administrative Code §8-502 and the New York City Human Rights
       Law. Plaintiff was denied selection, hiring, and equal conditions of employment, and
       opportunities for employment, on the basis of her having opposed and complained of

discrimination, and she was retaliated against and not hired for employment by Defendants.

70.    Plaintiff CASTANEDA is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliation unless and until the Court grants relief.

## EIGHTH CAUSE OF ACTION

### (Prima Facie Tort Against Defendant WALL)

71.    The Plaintiff CASTANEDA repeats and re-alleges each and every allegation contained in paragraphs 1 through 70 of this Complaint inclusive with the same force and effect as if more fully set forth herein.

72.    Defendant WAL has committed a prima facie tort against Plaintiff CASTANEDA.

73.    Plaintiff CASTANEDA is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the aforesaid Defendant WALL's practices unless and until the Court grants relief.

## NINTH CAUSE OF ACTION

### (Intentional Infliction Of Emotional Distress)

74.    The Plaintiff CASTANEDA repeats and re-alleges each and every allegation contained in paragraphs 1 through 73 of this Complaint inclusive with the same force and effect as if more fully set forth herein.

75.    The named Defendant WALL has intentionally inflicted emotional distress upon Plaintiff CASTANEDA in accordance with the aforementioned facts and circumstances.

Defendant WALL's conduct, as described herein, was so outrageous in character and was

so extreme in degree that a reasonable member of the community would regard such conduct as atrocious, going beyond all possible bounds of decency and as being utterly intolerable in a civilized community. Defendant WALL engaged in such conduct recklessly or with the intent of causing Plaintiff to suffer severe emotional distress. As a direct and proximate result of such conduct, Plaintiff has suffered, continues to suffer, and will in the future suffer severe emotional distress over such conduct; the manner in which Defendant WALL treated her; the destruction of her faith in the fairness of Defendant WALL's actions toward its potential employees and employees generally and toward Plaintiff in particular; and the effect of Defendant WALL's conduct on Plaintiff's ability to meet her career goals and expectations.

76.    Plaintiff CASTANEDA is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the aforesaid Defendant WALL's intentional infliction of emotional distress unless and until the Court grants relief.


**WHEREFORE**, it is respectfully requested that the Court grant Plaintiff CASTANEDA the following relief for each and every cause of action, One through Nine herein:

a) An award of compensatory damages;

b) An award of punitive damages;

c) An award of back pay;

d) An award of attorney's fees, costs and interest;

e) Issue a declaratory judgment that Defendant's acts, policies and procedures violated Title VII, the State and City HRLs, and the Equal Pay Act;

16

f)  Enjoining and permanently restraining these violations of Title VII, the State and City HRLs, and the Equal Pay Act;

g)  Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue;

h)  Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, without limitation, wages and other lost benefits;

i)  Such other and further relief as to the Court seems just and proper; and

j)  Order a jury trial on all issues in this action.


Respectfully submitted,

**MEJIA LAW FIRM LLC**


By  _/s/ Gerardo Mejia_____

GERARDO E. MEJIA
305 MADISON AVENUE, SUITE 449
NEW YORK, NY 10165
Phone: (212) 924-9244
Fax: (888) 864-8580

ATTORNEY FOR PLAINTIFF MONTI J. CASTANEDA


Dated: New York, New York
May 14, 2008

**Exhibit 1**

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Monti Castaneda
34-59 89 Street
Apt. 6b
Jackson Heights, NY 11372

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-02565 | Katherine Greenfield, Investigator | (212) 336-3762 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.

2/8/08

Spencer H. Lewis, Jr.,
Director

(Date Mailed)

Enclosures(s)

cc:
INSTITUTE OF INTERNATIONAL
EDUCATION
809 United Nations Plaza
New York, NY 10017

Michele A. Coyne
Kauff, McClain & McGuire
950 Third Avenue 14th Floor
New York, NY 10022

Eric M. Nelson
270 Madison Avenue Suite 1410
New York, NY 10016

**VERIFICATION**

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF NEW YORK   )


I, MONTI J. CASTANEDA, being duly sworn, depose and say:

I am the Plaintiff in the action herein; I have read the annexed VERIFIED COMPLAINT and know the contents thereof and same are true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:  Information available from others with knowledge of the facts.


_____
MONTI J. CASTANEDA




Sworn to before me this
*13* day of May, 2008



_____
Notary Public

JENELLE H. SCARBROUGH
Notary Public, State of New York
No. 41-4979472
Qualified in Nassau County
Commission Expires March 25, 2011