UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONTI J. CASTANEDA,

            Plaintiff,

-against-

INSTITUTE OF INTERNATIONAL EDUCATION, INC., JOAN WALL and MARY KIRK,

            Defendants.

Index No. 08 Civ. 4491 (BSJ)(AJP)
(ECF Case)

**VERIFIED ANSWER**

      Defendants, Institute of International Education, Inc. ("IIE"), Joan Wall ("Wall") and Mary Kirk ("Kirk") (collectively "Defendants"), by their attorneys, Kauff McClain & McGuire LLP, as and for their answer to the Complaint, respectfully allege:

      1.     Defendants deny the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiff purports to bring an action against Defendants under Title VII of the Civil Rights Act of 1964 and under state common law.

      2.     Defendants deny the allegations contained in paragraph 2 of the Complaint, except admit that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964, New York State Human Rights Law, New York Executive Law §290 *et seq.*, New York Executive Order No. 19 (May 31, 1983), the Local Laws of the City of New York, and state common law.

      3.     Defendants deny the allegations contained in paragraph 3 of the Complaint, except admit that Plaintiff purports to seek legal, compensatory and equitable relief under New York State Human Rights Law, New York State Executive Law §290 *et seq.*, New York Executive Order No. 19 (May 31, 1983), and Local Laws of the City of New York.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint sets forth a legal conclusion for which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.      Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint sets forth a legal conclusion for which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in paragraph 7 of the Complaint, and further aver that the EEOC found that "[b]ased upon its investigation, [it] is unable to conclude that the information obtained establishes violations of the statutes."

8.      Defendants deny information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, except admit that the EOOC issued a Right to Sue letter regarding Charge No. 520-2006-02565.

## PARTIES

9.      Defendants deny information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except admit that Plaintiff is a female.

10.     Defendant IIE admits that it is a 501(c)(3) organization, located at 809 United Nations Plaza, New York, NY 10017-3503, and it employs more than 15 people and is engaged in an industry affecting commerce.

4828-2485-4786.2

11. Defendant Wall admits that she is employed by IIE and currently holds the position of Deputy Vice President, Human Resources.

12. Defendant Kirk admits that she is employed by IIE and currently holds the position of Vice President, Student Exchanges.

## DISCRIMINATION

13. Defendants deny the allegations contained in paragraph 13 of the Complaint, except deny information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's race and/or color.

## BACKGROUND

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint, except admit that Plaintiff was employed by IIE from February 17, 1987 to August 4, 2006, and at times Plaintiff held the positions of Assistant Manager for Latin American Fulbright Programs, Manager of Policy and Program Development, and Assistant Director for Operations and New York Student Services, Fulbright and Academic Services Division.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint, and further answering, aver that Plaintiff was promoted to the position of Director of Operations in 2005.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants admit the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

## STATEMENT OF CLAIMS

## FIRST CAUSE OF ACTION

### (Racial Discrimination – Title VII)

48. Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

4828-2485-4786.2

## SECOND CAUSE OF ACTION

**(Racial Discrimination and Harassment in Violation of NYS Law)**

51. Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

## THIRD CAUSE OF ACTION

**(Racial Discrimination and Harassment in Violation of NYC Law)**

55. Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

4828-2485-4786.2

## FOURTH CAUSE OF ACTION

### (Violation of the Equal Pay Act)

59. Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

## FIFTH CAUSE OF ACTION

### (Retaliation – Title VII)

62. Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

## SIXTH CAUSE OF ACTION

### (Retaliation – NYS Human Rights Law)

65. Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

- 8 -

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

## SEVENTH CAUSE OF ACTION

### (Retaliation – NYC Administrative Code)

68. Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

## EIGHTH CAUSE OF ACTION

### (Prima Facie Tort Against Defendant Wall)

71. Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

- 9 -

4828-2485-4786.2

## NINTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

74. Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" paragraph.

## AFFIRMATIVE DEFENSES

78. Defendants do not assume the burden of proof for any affirmative defense stated hereafter as to which applicable law places the burden on the Plaintiff.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

79. The Complaint fails to state a claim upon with relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

80. The Court lacks subject matter jurisdiction over all or part of the Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

81. The Court lacks or should decline to exercise supplemental jurisdiction over Plaintiff's state or city law causes of action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

82. This Court lacks or should decline to exercise supplemental jurisdiction over Defendants Wall and Kirk since personal jurisdiction is based solely on the state or city law causes of action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

83. Upon information and belief, Plaintiff has failed to mitigate her alleged damages, any entitlement to which is expressly denied.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

84. The Complaint is barred insofar as it relies on facts that are not alleged in an administrative charge of discrimination.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

85. The Complaint is barred by the applicable statutes of limitations and/or filing periods, or by the doctrine of laches.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

86. The Complaint is barred insofar as it was not filed within 90 days of Plaintiff's initial receipt of the Notice of Right to Sue from the EEOC.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

87. The Complaint is barred insofar as it relates to events which occurred or are alleged to have occurred more than 300 days prior to the filing of a charge with the EEOC.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

88. Plaintiff has not been subjected to any tangible or adverse job action.

4828-2485-4786.2

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

89. Plaintiff voluntarily resigned her employment.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

90. The Complaint is barred insofar as Plaintiff unreasonably failed to avail herself of IIE's internal grievance policy with respect to discrimination.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

91. All actions taken by Defendants with regard to Plaintiff's employment were taken for legitimate, nondiscriminatory reasons.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

92. The employment actions at issue were taken in good faith.

### AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE

93. Plaintiff failed to state a claim under the Equal Pay Act.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

94. Plaintiff failed to state a claim for prima facie tort.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

95. Plaintiff failed to state a claim for intentional infliction of emotional distress.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

96. Plaintiff is not entitled to any relief, including compensatory and/or punitive damages, costs of suit, or injunction against Defendants.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

97. The Complaint is barred, in whole or in part, by such additional defenses as Defendants may have that cannot now be articulated due to the generality of portions of Plaintiff's pleadings and the fact that discovery has not been completed.

4828-2485-4786.2

Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**WHEREFORE**, Defendants, IIE, Wall and Kirk, respectfully request that the Complaint be dismissed, that Defendants be awarded its costs, including reasonable attorney's fees, and that the Court award such other and further relief as it deems just and proper.

Dated: New York, New York.
August 8, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: _____
Michele A. Coyne (MC-1795)
Shelby A. Silverman (SS-0114)

950 Third Avenue
Fourteenth Floor
New York, NY 10022
(212) 644-1010

Attorneys for Defendants
INSTITUTE OF INTERNATIONAL EDUCATION, INC., JOAN WALL, and MARY KIRK

4828-2485-4786.2

## VERIFICATION

State of Massachusetts  )
                                ss:
County of Barnstable    )

      Mary Kirk, being duly sworn, deposes and says that she is the Vice-President, Student Exchanges for the Institute of International Education, Inc., that she has read the foregoing Verified Answer, and that the contents thereof are true to the best of her present knowledge upon information and belief.

                                                                  Mary Kirk

Sworn to this 5 day
of August, 2008

_Michelle R. Crane_
Notary Public

My commission expires
10-13-2011

- 14 -

4828-2485-4786.2

## VERIFICATION

State of New York   )
                    ss:
County of New York  )

      Joan Wall, being duly sworn, deposes and says that she has read the foregoing Verified Answer, and that the contents thereof are true to the best of her present knowledge upon information and belief.

*/s/ Joan Wall*

Sworn to this 5th day
of August, 2008

*/s/ Amanda T Spadaccini*
Notary Public

```
AMANDA T SPADACCINI
NOTARY PUBLIC
STATE OF NEW YORK
QUALIFIED IN KINGS COUNTY
COMM. # 01SP6180170
COMMISSION EXPIRES 01/07/2012
```

## VERIFICATION

State of Massachusetts )
                                ss:
County of Barnstable )

      Mary Kirk, being duly sworn, deposes and says that she has read the foregoing Verified Answer, and that the contents thereof are true to the best of her present knowledge upon information and belief.

Sworn to this 5 day
of August, 2008

_Michelle R. Crane_
Notary Public

my commission expires
10-13-2011

- 16 -

4828-2485-4786.2